**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **GUADALUPE JAVIER ZARATE,** | ) | **CASE NO.5:14CR0133** |
| | ) | **5:16CV2668** |
| | ) | |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **OPINION AND ORDER** |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (ECF #68).  The Government filed a Response in Opposition to Petitioner's Motion (ECF#72).  For the following reasons, the Court denies Petitioner's Petition.

**FACTS**

Petitioner was indicted on April 9, 2014, and charged with Possession With Intent to Distribute 51 Kilograms of Cocaine.  On September 15, 2014, Petitioner plead guilty to the Indictment.  On December 16, 2014, Petitioner was sentenced to 87

1

months. Petitioner did not file an appeal.

On November 1, 2016, Petitioner filed the instant Motion to Vacate, Set Aside or Correct Sentence asserting one ground for relief. Respondent filed its Opposition on December 2, 2016.

## **STANDARD OF REVIEW**

Section 2255 of Title 28, United States Code, provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to prevail upon a §2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid. '" *Mallett v. United States,* 334 F.3d 496-497 (6th Cir. 2003), quoting *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir.2001).

## **ANALYSIS**

In Ground One, Petitioner seeks relief under amended United States Sentencing Guideline ("U.S.S.G.") § 3B1.2. Petitioner appears to be requesting a sentence reduction based on the extent of his participation in the criminal activity. The text of § 3B1.2 refers to Appendix C, amendment 794:

> Based on the defendant's role in the offense, decrease the offense level as follows:

2

> (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
>
> (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
>
> In cases falling between (a) and (b), decrease by 3 levels. [ ]
>
> [Amended] November 1, 2015 (see Appendix C, amendment 794)

Respondent asserts that the Court in *Branstetter* held that re-sentencing is unavailable under Amendment 794. *United States v. Branstetter*, 2016 U.S. Dist. LEXIS 117359 (E.D. Ky. Aug. 3, 2016). In its decision, the *Branstetter* court cited the holding of the Sixth Circuit Court of Appeals: "Section 1B1.10 does not enumerate Amendment 794, "and [it] thus cannot properly be applied on resentencing." *Id.* quoting *United States v. Goodloe*, 388 F.App'x 500, 506 (6th Cir. 2010).

The Court agrees with Respondent that Petitioner seeks relief that cannot be afforded. The authority vested by U.S.S.G. § 1B1.10, indicates that Amendment 794 does not apply toward reducing a term of imprisonment as a result of an amended guideline. Because the enumeration of Amendment 794 is lacking under the authority section, the amendment does not apply. Therefore, Ground One is denied.

The instant Motion under Section 2255 is one of collateral attack and not one of direct appeal. Petitioner's cited amendment to Sentencing Guidelines is not effective retroactively nor does the amendment have an effect on Petitioner's sentence.

Title 28 of the United States Code, Section § 2255 indicates that "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from…the date on which the judgment of conviction becomes final." 28 U.S.C.

2255(f)(1). Further, Defendants have 90 days after an entry of [appellate] judgment to file a petition for a writ of certiorari. Supreme Ct. R. 13(1). Petitioner had fourteen days to file a notice of appeal or ninety days to file a petition for a writ of certiorari, but failed to do either. The Court agrees with Respondent that Petitioner's waiver of appeal warrants a fair and final conviction and dismissal of the instant Motion.

Therefore, for the foregoing reasons, Petitioner's Motion to Vacate is denied.

Furthermore, the Court declines to issue a certificate of appealability.

28 U.S.C. §2253(c) states:

**(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

**(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

**(B)** the final order in a proceeding under section 2255.

**(2)** A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

**(3)** The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In *Slack v. McDaniel*, 529 U.S. 473, 483-4 (2000) the Supreme Court held,

To obtain a COA under 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot,* includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' " (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983) superceded by statute.

Since the Court has determined Petitioner's claims in her Motion to Vacate are meritless, Petitioner has failed to make a substantial showing that she was denied any

4

constitutional right. Therefore, the Court will not issue a certificate of appealability.

      IT IS SO ORDERED.

<u>January 11, 2017</u>        <u>*s/Christopher A. Boyko*</u>
Date        CHRISTOPHER A. BOYKO
       United States District Judge